THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BRUCE D. THOMAS, Defendant-Appellant.

Fifth District    No. 5—85—0279

Opinion filed August 26, 1986.

WELCH, J., dissenting.

Randy E. Blue and Kim G. Noffke, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kathleen Alling, State's Attorney, of Mt. Vernon (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, and Charles E. Peterson, of Aurora, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

The defendant, Bruce Thomas, was charged by information with unlawful restraint and battery on November 29, 1984. Following trial before a jury the defendant was acquitted of the battery charge but found guilty of unlawful restraint. The defendant was subsequently sentenced to three years' imprisonment in the Department of Corrections.

The defendant appeals from his conviction raising numerous instances of trial error. We need not address each of these claims of error, however, because we find that the prosecutor's comments during closing argument amounted to plain error of prejudical dimension. We accordingly reverse the defendant's conviction and remand this cause for a new trial.

The incident giving rise to the charges against the defendant occurred on November 28, 1984, when the defendant allegedly confronted the complaining witness, Patricia Brown, on a sidewalk in Mt. Vernon, and asked her to "go with him" to his house three blocks away. The defendant and Ms. Brown had previously lived together for 3½ years and had a six-month-old child together. Ms. Brown accompanied the defendant to his house where, once inside, the defendant locked the door and the two began to argue. A friend of Ms. Brown's, who had been walking with her before the defendant approached, called the police, and the police went to the defendant's house where the defendant let them in.

Ms. Brown subsequently gave a statement at the police station in which she said that the defendant had pulled her down the street to his house while she resisted and that the defendant had forced her into his house and slapped her on the face several times. At trial Ms. Brown testified that this statement was false. She had given the false statement because she was upset with the defendant and "just mad."

Opal Wyatt, the friend who had been walking with Ms. Brown and who had then called the police, testified regarding the incident that the defendant had "grabbed" Ms. Brown and had "dragg[ed] her down the street." Ms. Brown was "hollering and trying to get away." Ms. Wyatt stated that she had seen the defendant hit Ms. Brown but

later admitted that she did not see the defendant hit Brown while inside the house.

During closing argument the prosecutor stated his belief that the jury had heard a "trumped up story" from Ms. Brown. He asserted that Ms. Wyatt had had her head down while testifying because she was afraid of the defendant and his family and noted that there was nobody there in court from the Wyatt family. The prosecutor then stated: "There's nobody here for the People, just you."

The defendant contends on appeal that this latter statement was improper in that it misstated the function of the jury in our adversarial system and diminished the presumption of innocence. We agree. While a prosecutor may, in closing argument, "dwell on the evil results of crime and urge a fearless administration of the law" (*People v. Wright* (1963), 27 Ill. 2d 497, 500-01, 190 N.E.2d 287, 289; *People v. Cukojevic* (1981), 103 Ill. App. 3d 711, 431 N.E.2d 1154), the prosecutor's declaration here was a perversion of the principle that a jury is composed of nonpartisans who function under the presumption that a defendant is innocent until proved otherwise. An argument that diminishes the presumption of innocence is improper. (*People v. Harbold* (1984), 124 Ill. App. 3d 363, 464 N.E.2d 734.) Notwithstanding the defendant's failure to object to this statement at trial, we find that the error here was of such magnitude as to constitute plain error, and we reverse the defendant's conviction on this basis and remand for a new trial.

Reversed and remanded.

KASSERMAN, P.J., concurs.

JUSTICE WELCH, dissenting:

I must dissent in this case. I do not find that the prosecutor's comments during closing argument amounted to plain error of a prejudicial dimension.

I find that the prosecutor properly commented on the credibility of the witnesses in light of the fact that Wyatt's testimony was directly contradicting to that of the defendant. (*People v. Spann* (1981), 97 Ill. App. 3d 670, 679-80, 422 N.E.2d 1051, 1058, *cert. denied* (1982), 455 U.S. 954, 71 L. Ed. 2d 671, 102 S. Ct. 1462.) Further, his isolated comment, "There's nobody here for the People, just you," did not directly state that Wyatt or her family was personally threatened by the defendant or his family. Rather, I find that the statement is ambiguous, and as such, I cannot agree with the majority that it is so

prejudicial to the accused constituting reversible error or that it was a material factor in the defendant's verdict and that such verdict would have been different had it not been made. (97 Ill. App. 3d 670, 422 N.E.2d 1051.) Thus, since the defendant did not show that the statement was made in bad faith and it resulted in substantial prejudice to him, I do not find that there are grounds for reversal.